# 23-7432

## United States Court of Appeals for the Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

v.

KARL SEBASTIAN GREENWOOD,

*Defendant-Appellee,*

v.

MARK S. SCOTT, RUJA IGNATOVA, AKA CRYPTOQUEEN,
KONSTANTIN IGNATOV, AKA SEALED DEFENDANT 1,
DAVID R. PIKE, FRANK SCHNEIDER, IRINA DILKINSKA,

*Defendants,*

v.

MATTHEW RUSSELL LEE,

*Appellant.*

## BRIEF AND SPECIAL APPENDIX FOR APPELLANT
## MATTHEW RUSSELL LEE

On Appeal from the United States District Court
for the Southern District of New York

Case No. 1:17-cr-00630-ER (Ramos, J.)

Brian D. Ginsberg
Brendan P. Hall
HARRIS BEACH PLLC
445 Hamilton Avenue, Suite 1206
White Plains, New York 10601
Tel.: (914) 683-1200
bginsberg@harrisbeach.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................iii

PRELIMINARY STATEMENT................................................................... 1

JURISDICTIONAL STATEMENT ............................................................ 2

QUESTIONS PRESENTED ....................................................................... 3

STATEMENT OF THE CASE ................................................................... 3

    A.    Greenwood's conduct victimized millions worldwide ............ 3

    B.    The United States prosecuted Greenwood for global crimes ............................................................................... 4

    C.    Greenwood submitted a heavily redacted sentencing memorandum with 33 exhibits filed under seal .................... 6

    D.    The District Court sentenced Greenwood to significantly less time than the maximum allowed for his crimes and that recommended by the Government...................................................................... 10

SUMMARY OF THE ARGUMENT .......................................................... 11

STANDARD OF REVIEW........................................................................ 12

ARGUMENT ............................................................................................ 12

    A.    Greenwood's sentencing memorandum and the accompanying exhibits are judicial documents for which the presumptions of public access attach.................. 15

i

     B.    The First Amendment mandates unsealing and unredacting of the sentencing memorandum and accompanying exhibits ............................................. 15

     C.    The common law presumption of public access weighs in favor of unredacting and unsealing ...................... 20

     D.    The District Court did not make necessary on-the-record determinations ................................. 23

CONCLUSION ................................................................. 26

CERTIFICATION OF COMPLIANCE ...................................... 28

SPECIAL APPENDIX ............................................................ 29

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Brown v. Maxwell,*
   929 F.3d 41 (2d Cir. 2019)...............................................12, 14, 23, 24, 25

*Gannett Media Corp. v. U.S.,*
   2022 U.S. App. LEXIS 35099 (2d. Cir. 2022)..................................24, 25

*In re New York Times Co.,*
   828 F.2d 110 (2d Cir. 1987)............................................................24, 25

*Lugosch v. Pyramid Co.,*
   435 F.3d 110 (2d Cir. 2006)...............................................13, 14, 24, 25

*Press-Enterprise Co. v. Superior Court of California¸*
   464 U.S. 501 (1984)...................................................................... 12

*Schwartz v. City of New York,*
   57 F.3d 236 (2d Cir 1995)........................................................... 2

*United States v. Alcantara,*
   396 F.3d 189 (2d Cir. 2005)..............................................15, 16, 21, 22

*United States v. Amodeo,*
   44 F.3d 141 (2d Cir 1995)............................................................ 26

*United States v. Amodeo,*
   71 F.3d 1044 (2d Cir. 1995) (*Amodeo II*)........................................20, 21

*United States v. Doe,*
   891 F. Supp. 2d 296 (E.D.N.Y. 2012)...............................................21, 23

*United States v. Erie County,*
   763 F.3d 235 (2d Cir. 2014)................................3, 12, 13, 14, 16, 19, 20

iii

*United States v. Gatto*,
    2019 U.S. Dist. LEXIS 149914 (S.D.N.Y. Sept. 3, 2019)..................... 21

*United States v. McLaughlin*,
    949 F.3d 780 (2d Cir. 2019)................................................................. 2

*United States v. Pasqua*,
    2020 U.S. Dist. LEXIS 234050 (S.D.N.Y. Dec. 12, 2020) .................... 18

*United States v. Velandia*,
    2019 U.S. Dist. LEXIS 218454
    (E.D.N.Y. Dec. 19, 2019)...............................................16, 17, 19, 21, 23

## STATUTES

15 U.S.C. § 78ff ................................................................................ 5

15 U.S.C. § 78j(b) ............................................................................. 5

17 C.F.R. § 240.10b-5 ....................................................................... 5

18 U.S.C.  § 1349............................................................................ 4, 5

18 U.S.C. § 1343 ............................................................................... 5

18 U.S.C. § 2 ..................................................................................... 5

18 U.S.C. § 371 ................................................................................. 5

18 U.S.C. §1956(h) ........................................................................... 5

28 U.S.C. § 1291 ............................................................................... 2

28 U.S.C. § 3231 ............................................................................... 2

iv

## PRELIMINARY STATEMENT

Appellant, journalist Matthew Russell Lee, seeks reversal of the District Court's denial of his motion to unredact criminal defendant Karl Greenwood's heavily redacted sentencing memorandum and unseal the accompanying 33 exhibits filed entirely under seal. Greenwood plead guilty for his part creating and running the illegitimate cryptocurrency, OneCoin, dubbed a "Bitcoin killer," which was a fraudulent pyramid scheme with no value. Greenwood deceived over 3.5 million people of over $4 billion and pocketed over $300 million. As part of a request for a lenient sentence of five years already served or home confinement in Sweden, Greenwood submitted numerous letters from relatives and supporters speaking to his purported good character along with as-yet-unknown documents.

The District Court, in a one-page order issued without the benefit of a hearing, without the benefit of oral argument, and indeed without the benefit of more than a day's worth of deliberation after all parties submitted their responses, denied Lee's request. That denial was improper. The presumption of public access in criminal proceedings—which the order did not acknowledge, let alone engage with—is a strong

1

one and necessary for a properly-functioning democracy. Greenwood did not establish that any necessary stringent circumstances existed to rebut that strong presumption and affirmatively justify the requested redactions and sealing. And if that were not enough, the District Court did not follow the proper procedure, failing to make necessary determinations on each of Greenwood's unilateral redactions and sealed exhibits which amounts to an error of law.

This Court should reverse the District Court's order denying Lee's motion to unseal and unredact accordingly.

## JURISDICTIONAL STATEMENT

The District Court has subject matter jurisdiction over this action under 28 U.S.C. § 3231 because Greenwood was charged with offenses against the laws of the United States and federal district courts have original jurisdiction of all offenses against the laws of the United States. *E.g. United States v. McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019). This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 because a motion to unredact and unseal qualifies as a collateral order exception to the general rule that interlocutory orders are not appealable as a matter of right. *Schwartz v. City of New York*, 57 F.3d 236, 237 (2d Cir 1995);

2

*United States v. Erie County*, 763 F.3d 235, 236 (2d Cir. 2014) (exercising jurisdiction and reversing the district court's order sealing judicial documents). Lee filed a timely notice of appeal on October 10, 2023. JA 365.

## QUESTIONS PRESENTED

1.      Did the District Court err in refusing to unseal and unredact Greenwood's sentencing submission because Greenwood failed to rebut the strong presumption of public access to judicial documents in criminal proceedings?

2.      Did the District Court err in denying Appellant's motion to unseal and unredact Greenwood's sentencing submission without performing on-the-record determinations detailing the rationale behind each redaction and sealing?

## STATEMENT OF THE CASE

### A.   Greenwood's conduct victimized millions worldwide.

In 2014, Greenwood devised a get-rich-quick scheme with the intention to enrich himself on the backs of everyday people. *See* JA 187. Originating in Bulgaria, OneCoin marketed and sold a fraudulent cryptocurrency to small-time investors across the world. *See* JA 171.

3

Greenwood always intended OneCoin to be a sham using cryptocurrency excitement and grand false promises of "financial revolution" dubbing OneCoin the "Bitcoin killer." *See* JA 173, 187-188. However, OneCoin was always a pyramid scheme dependent on the recruitment of investors to pay existing ones; never intended to hold value or have any real blockchain technology powering it. *See* JA 174.

Greenwood amassed over 3.5 million investors and generated over $4 billion in investor funds in only a few years. *See* JA 171. Yet, OneCoins were worthless. *See* JA 174. As the architect and top global distributor of OneCoin, Greenwood received approximately $300 million for his role. *See* JA 172. Greenwood's mastery as a salesman and the use of multi-level marketing structure ignited and advanced OneCoin's growth. *Id*.

Greenwood used his victims' money to fund a lavish lifestyle, including stays at exclusive five-star resorts, luxury clothes, a yacht, real estate purchases in Spain, Dubai, and Thailand, and worldwide travel on the private "OneCoin" airplane. *See* JA 186.

## B.    The United States prosecuted Greenwood for global crimes.

On February 6, 2018, the U.S. Government indicted Greenwood on five charges: (1) conspiracy to commit wire fraud pursuant to 18 U.S.C.

4

§ 1349, (2) wire fraud pursuant to 18 U.S.C. §§ 1343 and 18 U.S.C. § 2; (3) conspiracy to commit money laundering pursuant to 18 U.S.C. §1956(h); (4) conspiracy to commit securities fraud pursuant to 18 U.S.C. § 371; and (5) securities fraud pursuant to 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.10b-5; and 18 U.S.C. § 2. *See* ECF 265. Greenwood's indictment was unsealed pursuant to a request from the Government on April 6, 2020. *See* ECF 264.

On December 16, 2022, the Government filed a superseding indictment charging Greenwood with three crimes: (1) conspiracy to commit wire fraud pursuant to 18 U.S.C. § 1349; (2) wire fraud pursuant to 18 U.S.C. §§ 1343 and 2; and (3) conspiracy to commit money laundering pursuant to 18 U.S.C. § 1956(h). *See* ECF 510. Greenwood waived his indictment and consented to the proceedings be made by information instead. *See* ECF 511. He pleaded guilty to all three crimes and asked the District Court to only consider his criminal conduct in the United States, as opposed to across the globe, for his sentencing guidelines. *See* ECF 516, 519, 522. The District Court denied that request on April 12, 2023. *See* ECF 538.

5

**C.** **Greenwood submitted a heavily redacted sentencing memorandum with 33 exhibits filed under seal.**

On August 29, 2023, Greenwood filed a sentencing submission that included a heavily redacted memorandum and 33 exhibits entirely under seal, without necessary leave of court, asking the District Court to grant Greenwood a lenient sentence of home detention in Sweden. *See* JA 94, 133-134. In support of that request, Greenwood detailed at length his upbringing in Sweden, family, education, career, and claimed generosity and kindness. *See* JA 94-99. Character reference letters from Greenwood's parents, brother, uncle, cousin, aunt, family friend, close friend, driver, daughter, fellow inmates, cousin, friend are entirely under seal. *See* JA 94-99, 137. Greenwood's submission starts out seemingly only redacting out the names of his family members. *See* JA 94-95. Then, entire excerpts from letters submitted by Greenwood's relatives and supporters in Thailand are redacted. *See* JA 96-97. Yet Greenwood included multiple unredacted excerpts and quotes from the completely sealed exhibits throughout the submission. *See* JA 94-98, 101-102, 109-113, 132, 137. The heavy redaction in Greenwood's submission appears to relate to Greenwood's time in Thailand and in custody in a Thai prison prior to extradition to the U.S., including the complete redaction of

6

anything concerning exhibit 1. *See* JA 97, 99, 102-103, 123-124, 137. Greenwood also appears to have redacted information related to his confinement at MCC. *See* JA 106, 108-113, 125. Greenwood also redacts an entire section of his submission titled "A Sentence of Time Served Is Needed…" *See* JA 128-129. Further several headings are redacted as well as one citation including the page it appears on. *See* JA 86-87, 90.

Unlike Greenwood's heavily secret submission, the Government's sentencing memorandum only redacted the names of victims that submitted victim impact statements, other personally identifying information of nonparties, and two short paragraphs. *See* JA 182-183, 192-193, 197, 202, 283-285, 287-288, 290-293. The Government recommended a sentence of at least 20 years imprisonment. JA 171.

Journalist Matthew Russell Lee moved to unseal and unredact Greenwood's sentencing memorandum and exhibits because the redactions, as well as the sealing of entire affidavits and letters, went far beyond what the U.S. District Court, Southern District of New York's Electronic Case Filing Rules & Instructions ("ECF Rules") and case law supports. JA 163. Thereafter, Greenwood moved to seal videotaped

statements of Greenwood's parents and uncles in advance of his sentencing hearing. JA 167.

On September 6, 2023, Greenwood opposed Lee's request to redact his sentencing submission and unseal the accompanying exhibits claiming the withheld information contained properly redacted and sealed information under ECF Rules 21.3 and 21.4 as well as the District Court's individual Rules.[1] JA 351-352. Specifically, Greenwood argued the following information was properly redacted and sealed:

> (i) details regarding Greenwood's pre-trial detention that affect his mental and physical health;
>
> (ii) details regarding the mental and physical health of Greenwood as well as his close family and friends; and
>
> (iii) descriptions of police conduct in connection with Greenwood's arrest that may reasonably be viewed as raising complaints about law enforcement.

*See* JA 351-352. However, in his response, Greenwood seemingly acknowledges the existence of non-sensitive information in the wholly

---

[1] ECF Rule 21.3 requires parties to redact social security numbers, names of minor children, dates of birth, and home addresses. ECF Rule 21.4 states that caution should be exercised when filing documents that contact personal identifying numbers such as driver's license numbers, medical records, treatment, and diagnosis, employment history, individual financial information, trade secret information, and information regarding an individual's cooperation with the government.

sealed exhibits when prioritizing his request that exhibits 10 and 11 stay under seal because they contained "particularly sensitive information" and seeking permission to redact the sensitive information contained in the other exhibits should the District Court order them be unsealed. *See* JA 352. Further, the ECF Rules do not require the redaction of anything other than social security numbers, names of minor children, birthdates, and home addresses. *See supra* note 1.

Greenwood's response to Lee's motion appears to retroactively move to file the exhibits under seal including: (i) a report on Greenwood's health status, (ii) copies of Greenwood's medical records, and (iii) letters of support from Greenwood's family and friends. JA 351-351. The Government took no position on Lee's request, nor on Greenwood's opposition. JA 354.

On September 7, 2023, without holding a hearing, and without elaborating further, the District Court denied Lee's request holding "that unsealing is not warranted in that the redactions in Defendant's sentencing submission are appropriately limited to Defendant and his family's medical history, his family's identities and personal information, and other similarly protected information." JA 355.

**D.    The District Court sentenced Greenwood to significantly less time than the maximum allowed for his crimes and that recommended by the Government.**

Despite the sentencing guidelines range of life imprisonment and the statutory maximum sentence of 60 years for Greenwood's crimes (JA 179), the Government recommended a sentence of half that, at least 30 years imprisonment, citing "the nature and circumstances of Greenwood's unprecedented offense, the need to impose just punishment and promote respect for the law, the need for adequate deterrence, and the mitigating factors cited in the defendant's sentencing submission." JA 182, 194-195 (emphasis added). Greenwood sought a sentence of five years already served or home detention in Sweden. JA 99, 133-134.

On September 12, 2023, the Court sentenced Greenwood to 20 years imprisonment and ordered him to forfeit $300 million. JA 360. The documents the Court considered to determine Greenwood's sentence remain largely redacted and under seal despite strong public policy to ensure that documents are available for public view.

## SUMMARY OF THE ARGUMENT

This appeal seeks reversal of a District Court order that permitted criminal defendant Karl Greenwood to heavily redact a sentencing memorandum, and seal 33 exhibits, submitted to the District Court for consideration in his sentencing. The District Court, without holding a hearing or oral argument, issued a one-page order opining that "unsealing was not warranted in that the Defendant's sentencing submission are appropriately limited to Defendant and his family's medical information, his family's identities and personal information, and other similarly protected information." JA 355.

The First Amendment and common law rights to public access of criminal proceedings require that the sealing and redaction of judicial documents—those assisting the court in performing its function—be narrowly tailored to protect specified higher values. Further, the failure of a district court to make on-the-record determinations of each word and document hidden from public view amounts to an error of law.

Here, Greenwood failed to overcome the strong presumption of public access of the sentencing memorandum and accompanying exhibits.

11

Additionally, the District Court failed to make specific, on-the-record findings in support of its evident view to the contrary. *See* JA 355.

## STANDARD OF REVIEW

A district court's decision to seal or accept redactions in judicial documents is reviewed for clear error as to the district court's factual findings, de novo for its legal determinations, and abuse of discretion as to the ultimate decision to seal or unseal the documents, and to accept or reject proposed redactions. *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019).

## ARGUMENT

Public access to legal proceedings and documents is integral to the public's faith in the legal system because it plays the vital role of assuring the public that the law is being enforced and the criminal justice system is functioning. *United States v. Erie County¸* 763 F.3d 235, 238–39 (2d Cir. 2014); *see also Press-Enterprise Co. v. Superior Court of California¸* 464 U.S. 501, 508-509 (1984). This notion is recognized and protected through the presumption of public access to criminal proceedings which requires

a party seeking to shield documents or proceedings from the public to overcome the presumption in order to do so. *Id.*

Both a common law and qualified First Amendment presumption of access only attach to judicial documents—those relevant to the performance of a judicial function. *Erie*, 763 F.3d at 239. Once a document is held to be a judicial document, both legal presumptions are in play with either presumption generally warranting public access. *Id.* The First Amendment presumption attaches in circumstances where "'experience and logic' support making the document available to the public." *Id.*; *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006). The First Amendment presumption is the stronger of the two and can only be overcome under stringent circumstances. *Erie*, 763 F.3d at 241. Where the party arguing to seal documents or redact information fails to invoke considerations "that plausibly might be construed as being 'higher' than the First Amendment values at stake," this Court is empowered to reverse the District Court's decision and order that the documents be unsealed and redactions removed. *Id.* at 243-244.

In situations where the First Amendment presumption does not attach, the common law presumption still attaches and can only be

13

rebutted if the weight of the presumption, based on the materiality of the documents at issue, is outweighed by competing considerations raised by the party seeking to withhold the information from the public. *Id*.; *see Lugosch*, 453 F.3d at 119-120.

In either event, separate and independent of the applicable presumption—First Amendment or common law—and the weighing of competing considerations, a District Court's failure to making on-the-record findings as to whether the documents at issue are judicial documents and to conduct an individualized review of the redacted information and sealed materials amounts to an error of law, and thus a per se abuse of discretion. *Brown*, 929 F.3d at 50-51 (holding "the District Court held that privacy interests outweigh the presumption of public access… which appears to have been made without particularized review—amounts to an abuse of discretion"). Should this Court decline to reverse the District Court's order entirely, then this Court is empowered to vacate the District Court's order and remand this matter with instructions for the District Court to perform on-the-record determinations. *Erie*, 763 F.3d at 243-244.

14

**A. Greenwood's sentencing memorandum and the accompanying exhibits are judicial documents for which the presumptions of public access attach.**

Documents submitted to a court for consideration in connection with sentencing are judicial documents entitled to the First Amendment right of access. *United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005). Greenwood's sentencing memorandum and the accompanying exhibits were submitted for the District Court's consideration in issuing Greenwood's sentence. JA 92 (Greenwood "requests that the Court consider the information below and in the attached exhibits in determining an appropriate sentence."). Therefore, Greenwood's sentencing memorandum and the accompanying exhibits are judicial documents qualifying for the presumptions of public access provided for by the First Amendment and federal common law. *See id.*; *Alcantara*, 396 F.3d at 199.

**B. The First Amendment mandates unsealing and unredacting of the sentencing memorandum and accompanying exhibits.**

The First Amendment right of access applies to sentencing proceedings and documents submitted for consideration for sentencing, like Greenwood's submission, because they are considered part of the criminal trial and are an important opportunity for the public to witness

15

the application of law. *Alcantara*, 396 F.3d at 196-199. Only stringent circumstances can overcome the presumption of public access to such documents and such circumstances must be enumerated by the district court to ensure redaction and sealing is done only to the extent necessary to protect those stringent circumstances. *Erie*, 763 F.3d at 239; *also see United States v. Velandia*, 2019 U.S. Dist. LEXIS 218454, at *4 (E.D.N.Y. Dec. 19, 2019).

The burden is on the party seeking to withhold documents from the public to show such stringent circumstances, else the district court is at the mercy of the presumption of public access and powerless to permit sealing or redacting. *Erie*, 763 F.3d at 243. Where the party fails to do so, but the district court allows the sealing and redaction of documents anyway, this Court can and should reverse the district court's holding and order the unsealing of documents and removal of redactions. *Id*. at 243-244 (reversing rather than remanding to the district court because the party seeking sealing failed to present circumstances that justified even a narrowly tailored sealing). Stringent circumstances exist where the documents contain information "that, if made public, would place

certain individuals in danger" or where law enforcement interests are implicated. *Velandia*, 2019 U.S. Dist. LEXIS 218454 at *5-6.

In *Velandia*, the court found stringent circumstances where the information in the sealed documents, if made public, would endanger certain individuals due to the case's connections with notorious drug traffickers who had already murdered one suspected informant. *Id*. at 6. The documents also contained information that would compromise active government investigations. *Id*.

Here, Greenwood only presented conclusory assertions that the redacted information related to his medical health, his family's health, and could potentially be seen as complaining about law enforcement, none of which ever have been recognized as among the rarefied collection of higher values sufficient to overcome the presumption of public access here. JA 351-352. Greenwood does not contend that the disclosure of the information redacted in his submission, nor sealed in the exhibits, would physically endanger any individual or compromise any law enforcement investigation. *Id*. Further, Greenwood's sentencing memorandum contains unredacted excerpts from the sealed exhibits. Greenwood should not be able to have it both ways. On one hand, he claims the documents

should be sealed in their entirety because they contain private information. Yet on the other hand, Greenwood voluntarily included submissions from those sealed documents into his public sentencing memorandum that inure to his benefit.

In fact, the only case Greenwood cited in response to Lee's motion held that medical information submitted for consideration by a court for sentencing purposes is rightfully accessible by the public. *United States v. Pasqua*, 2020 U.S. Dist. LEXIS 234050, at * 6-7 (S.D.N.Y. Dec. 12, 2020). Similarly, information about Greenwood's medical history, to the extent it was offered to the District Court to be considered in issuing his sentence, should be publicly accessible. *See id*. Greenwood cited no legal authority, and Mr. Lee's research has not uncovered any, supporting his conclusion that information potentially seen as complaining about law enforcement is rightfully redacted and sealed from the public. JA 351-352.

Moreover, as to materiality, the redacted information appears to have influenced both the government and the District Court's lenient approach to Greenwood's sentence. According to the Government's sentencing submission, the sentencing guidelines range called for life

imprisonment for Greenwood's crimes with a statutory maximum sentence of 60 years JA 179. While the Government's sentencing memorandum contained a scathing and comprehensive assessment of Greenwood's disgraceful motivations and significant devastation from his crimes, it only recommended half the statutory minimum, at least 30 years imprisonment due, at least in part, to "the mitigating factors cited in the defendant's sentencing submission." JA 182, 194-195 (emphasis added). The District Court too took these "mitigating factors" into consideration and sentenced Greenwood to 20 years, a third of the statutory maximum, already a drop from the sentencing guidelines' call for life imprisonment. JA 360-361.

Therefore, the redacted information and exhibits filed wholly under seal should be made available to the public in accordance with the First Amendment right of public access. *See Erie*, 763 F.3d at 243-244; *see also Velandia*, 2019 U.S. Dist. LEXIS 218454 at *6. The District Court's failure to make specific determinations about each of Greenwood's redactions and sealed exhibits and Greenwood's failure to meet his burden in showing stringent circumstances exist that overcome the

presumption of public access warrant the reversal of the District Court's denial of Lee's motion. *See Erie*, 763 F.3d at 243-244.

While the attachment of the First Amendment right to public access is sufficient to vacate the District Court's order, as will be shown below, the common law right to public access requires the same result as well. *Erie*, 763 F.3d at 241.

**C. The common law presumption of public access weighs in favor of unredacting and unsealing.**

The type and strength of the common law presumption of access to a given document is based on the role the document plays in determining a party's substantive rights and the needs of the public to monitor that conduct. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (*Amodeo II*). After the strength of the presumption is determined, a court must balance the countervailing factors competing against the presumption: (1) the danger of impairing law enforcement or judicial efficiency and (ii) the privacy interests of those resisting disclosure. *Id*. The party opposing access must demonstrate that such higher values are at stake warranting sealing and redacting and "[g]iven the constitutional and common law dimensions at issue, that 'burden is heavy one.'"

20

*Velandia*, 2019 U.S. Dist. LEXIS 318454 at *4; citing *United States v. Doe*, 891 F. Supp. 2d 296, 299 (E.D.N.Y. 2012).

Here, as documents submitted for consideration during sentencing proceedings implicate a strong presumption of public access, the burden was on Greenwood to identify strong higher values that overcome the presumption of public access. *See Alcantara*, 396 F.3d at 199. As previously explained above, Greenwood failed to do so. *See supra* Point A.

Privacy interests of third parties are a strong factor considered by the courts when looking at whether judicial documents should be sealed or redacted, but only to the extent necessary to narrowly protect those privacy interests. *United States v. Gatto*, 2019 U.S. Dist. LEXIS 149914, at *16 (S.D.N.Y. Sept. 3, 2019). In determining whether the privacy interests of third parties weigh in favor of withholding documents from the public, the nature of the subject matter of the documents, nature and degree of the potential injury, and reliability of the information is weighed. *Amodeo II*, 71 F.3d at 1050-51.

The documents here are letters submitted in support of Greenwood to be considered by the District Court in sentencing Greenwood for his

crimes. JA 92. Crimes that robbed over 3.5 million people of over $4 million out of pure greed. JA 191, 194-195. Documents that played a role in Greenwood receiving a sentence of 20 years, well short of the sentencing guidelines' recommendation of life imprisonment, one-third of the statutory maximum of 60 years recommended by the Government, and less than the few other similarly situated defendants prosecuted in the same district court (or anywhere). JA 179, 182, 194-195. These documents and the hidden information submitted within them are important to the public because it provides insight into the factors that persuaded the District Court to impose a lighter sentence against all other submitted metrics, a vital aspect of the presumption of public access to criminal proceedings. *See generally Alcantra*, 396 F.3d at 198-199.

In response, Greenwood claims that publication of the information is allowed under the District Court's rules and unilaterally redacted Greenwood's medical information, his family's information, and potential complaints about law enforcement. JA 351-352. But so what? Just because publication is not prohibited by local court rules on electronic filing does not mean—or even suggest—that it is affirmatively authorized

by the operative substantive doctrines of the First Amendment or the common law, particularly to overcome the strong presumption of public access. Greenwood's response fails to overcome the "heavy burden" needed to counter the presumption of public access because there is no legal basis for redacting and withholding such information, aside from his family members' personal identifying information. *See Velandia*, 2019 U.S. Dist. LEXIS 318454 at *4 (citing *United States v. Doe*, 891 F. Supp. 2d 296, 299 (E.D.N.Y. 2012)). Accordingly, because Greenwood failed to overcome the presumption of public access to the information redacted and sealed in his sentencing submission, such information should be unsealed, unredacted, and made available to the public.

## D. The District Court did not make necessary on-the-record determinations.

The District Court's failure to make on-the-record determinations as to each redaction and sealed exhibit, ensuring the documents were narrowly tailored to protect specified higher values and no more, constitutes an error of law, and thus a per se abuse of discretion.

In *Brown*, this Court found that the district court's dedication of only three paragraphs to a swath of redacted pages reflected a failure to make a particularized review and amounted to an abuse of discretion.

23

929 F.3d at 51. This Court remanded back to the district court to conduct "a particularized review and unseal all documents for which the presumption of public access outweighs countervailing privacy interests."

The same result materialized in *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006). There, this Court vacated the district court's decision to deny newspaper's motion to intervene. *Id.* As in *Brown*, this Court remanded with instructions to make required specific, on-the-record findings to justify its denial. *Id.* As this Court has made clear, "[b]road and general findings by the trial court . . . are not sufficient to justify closure" of criminal proceedings. *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

Similarly, in *Gannett Media Corp. v. U.S.*, this Court again found that the district court failed to make the requisite specific findings that would support the redactions of sealed submissions in a criminal matter. 2022 U.S. App. LEXIS 35099, *7 (2d. Cir. 2022). The district court's two justifications for the redactions were (1) the need "to protect the robust and candid functioning of the Department of Justice's internal processes," and (2) "privacy concerns." *Id.* This Court deemed those findings broad and insufficient to justify redactions in sealed

24

submissions. *Id.* (citing *In re New York Times Co.*, 828 F.2d at 116; *Brown v. Maxwell*, 929 F.3d at 48).

Here, as in *Brown*, *Lugosch*, and *Gannett Media Corp.*, the District Court did not perform a particularized on-the-record review of Greenwood's redactions and sealed materials. *See* JA 355. Rather, the day after Greenwood submitted his opposition, the District Court denied Lee's motion in one sentence holding "the redactions in Defendant's sentencing memorandum submission are appropriately limited to Defendant and his family's medical information, his family's identities and personal information, and <u>other similarly protected information</u>." *Id* (emphasis added). The District Court did not identify which redacted information or exhibits fell under which category nor did it identify what "other similarly protected information" was withheld from the public. *Id.* Like in *Brown*, the District Court's dedication of only one sentence to its determination demonstrates its failure to perform the necessary particularized review to protect the public's constitutional and common law rights. *See Brown*, 929 F.3d at 51. Further, the District Court's acceptance of Greenwood's redactions and failure to "make its own redactions, supported by specific findings, after a careful review of all

25

claims for and against access" warrants remand to the District Court with instructions to make its own specific determinations of the competing constitutional and privacy interests at stake. *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir 1995).

Accordingly, should this Court decline to reverse the District Court's order entirely, Lee respectfully requests this matter be remanded to the District Court with instructions to make particularized determinations as to each redaction and exhibit to be sealed to ensure all information hidden from the public is narrowly tailored to protect enumerated higher values, starting with the unredacted excerpts of the sealed exhibits already available to the public in Greenwood's submission.

## CONCLUSION

The decision below should be reversed.

26

April 17, 2024

Respectfully submitted,

Brian D. Ginsberg
Brendan P. Hall
HARRIS BEACH PLLC
445 Hamilton Avenue, Suite 1206
White Plains, New York 10601
Tel.: (914) 683-1200
bginsberg@harrisbeach.com
*Counsel for Appellant*
*Matthew Russell Lee*

Justin S. Weddle
Weddle Law PLLC
250 West 55th Street, 30th Floor
New York, New York 10019
Tel.: (212) 997-5518
jweddle@weddlelaw.com
*Counsel for Defendant-Appellee*
*Karl Sebastian Greenwood*

Danielle R. Sassoon, Esq.
United States Attorney's Office
One St. Andrew's Plaza
New York, New York 10007
Tel.: (212) 637-2200
danielle.sassoon@usdoj.gov
*Counsel for Appellee*
*United States of America*

## Certification of Compliance

I, Brian D. Ginsberg, certify that this brief complies with: (1) the length and type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Second Circuit Local R. 32.1(a)(4)(A) because it contains 4,861 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f); and (2) the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word. I relied on Microsoft Word to calculate the word count.

Brian D. Ginsberg

# SPECIAL APPENDIX

# SPECIAL APPENDIX TABLE OF CONTENTS

*Page*

ECF Doc. No. 574: Order on Lee's Motion to Unredact and Unseal ... SA1

<span style="color:red">SA1</span>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| – *against* – | **ORDER** |
| KARL SEBASTIAN GREENWOOD, | 17-cr-630 (ER) |
| Defendant. | |

RAMOS, D.J.:

On August 29, 2023, Defendant submitted his sentencing submission, which included portions that were redacted and under seal. Doc. 566. The next day, Matthew Russell Lee of the Inner City Press moved to unseal the sentencing submission. Doc. 567. Defendant opposes unsealing (Doc. 571), and the Government takes no position (Doc. 573).

The Court finds that unsealing is not warranted in that the redactions in Defendant's sentencing submission are appropriately limited to Defendant and his family's medical information, his family's identities and personal information, and other similarly protected information. Accordingly, the motion to unseal Defendant's sentencing submission, Doc. 567, is DENIED.

It is SO ORDERED.

Dated:  September 7, 2023
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.