# 23-7432

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆◈◆

UNITED STATES OF AMERICA,

*Appellee,*

—against—

KARL SEBASTIAN GREENWOOD,

*Defendant-Appellee,*

MARK S. SCOTT, RUJA IGNATOVA, AKA CRYPTOQUEEN,
KONSTANTIN IGNATOV, AKA SEALED DEFENDANT 1,
DAVID R. PIKE, FRANK SCHNEIDER, IRINA DILKINSKA,

*Defendants,*

—against—

MATTHEW RUSSELL LEE,

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

## BRIEF FOR DEFENDANT-APPELLEE
## KARL SEBASTIAN GREENWOOD
## [REDACTED]

---

JUSTIN S. WEDDLE
JULIA I. CATANIA
WEDDLE LAW PLLC
37 West 20th Street, Suite 1206
New York, New York 10011
(212) 859-3492

*Attorneys for Defendant-Appellee
Karl Sebastian Greenwood*

August 12, 2024

TABLE OF CONTENTS

Preliminary Statement .................................................................. 1

Counterstatement of Jurisdiction ................................................. 2

Counterstatement of the Issues Presented for Review ........................... 4

Counterstatement of the Case................................................... 4

Standard of Review ................................................................ 6

Summary of the Argument ....................................................... 7

Argument ............................................................................. 8

I.    Applicable Law.................................................................. 8

II.   The District Court Committed no Abuse of Discretion or Clear
      Error in Denying Mr. Lee's Request ............................... 12

   A. The District Court Did Not Abuse Its Discretion in Identifying
      Sensitive Privacy Interests that Outweigh the Public's
      Presumptive Right of Access ...................................... 13

   B. The District Court's Finding that the Sealed Portions of the
      Sentencing Materials Presented the Sensitive Issues Identified
      Was Not Clear Error .................................................. 15

III.  The District Court's Review and Findings Satisfy This Court's
      Standards and Reveal No Abuse of Discretion........................... 18

Conclusion............................................................................. 25

# TABLE OF AUTHORITIES

## Cases

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
   814 F.3d 132 (2d Cir. 2016) .................................................................. 7

*Brown v. Maxwell*,
   929 F.3d 41 (2d Cir. 2019) ....................................................... 6, 10, 24

*Doe v. Solera Cap. LLC*, No. 18 CIV. 1769 (ER),
   2021 WL 568806 (S.D.N.Y. Jan. 20, 2021) ........................................ 22

*Gannett Media Corp. v. United States*,
   2022 WL 17818626 (2d Cir. Dec. 20, 2022) ........................................ 25

*Henry v. Champlain Enters. Inc.*,
   445 F.3d 610 (2d Cir. 2006) .................................................................. 7

*Lugosch v. Pyramid Co of Onondaga*,
   435 F.3d 110 (2d Cir. 2006) ................................................... 24, 25, 26

*Matter of New York Times Co.*,
   828 F.2d 110 (2d Cir. 1987) ........................................................... 10, 15

*Mirlis v. Greer*,
   952 F.3d 51 (2d Cir. 2020) ................................................................... 10

*Nixon v. Warner Communications, Inc.*,
   435 U.S. 589 (1978) ....................................................................... 7, 13

*Ramirez v. Temin & Co., Inc.*, No. 20 CIV. 6258 (ER),
   2020 WL 6781222 (S.D.N.Y. Nov. 18, 2020) ...................................... 23

*Scott v. Graham*, No. 16CV2372 (KPF)(JLC),
   2016 WL 6804999 (S.D.N.Y. Nov. 17, 2016) ....................................... 10

*United States v. Amodeo (Amodeo I)*,
   44 F.3d 141 (2d Cir. 1995) .................................................................... 9

*United States v. Amodeo (Amodeo II)*,
   71 F.3d 1044 (2d Cir. 1995) ........................................................... 12, 15

*United States v. Charmer Indus., Inc.*,
   711 F.2d 1164 (2d Cir. 1983) ......................................................... 13, 14

ii

*United States v. Johnson*, No. 16-CR-457-1 (NGG),

2018 WL 1611371 (E.D.N.Y. Apr. 3, 2018) .......................................... 11

*United States v. Pasqua*, No. 16-CR-591 (NSR),

2020 WL 7338082 (S.D.N.Y. Dec. 12, 2020) ...................................... 12

*United States v. Roeder*, No. 05-CR-6161,

2009 WL 385448 (W.D.N.Y. Feb. 13, 2009) ...................................... 11

Redacted

**Other Authorities**

Redacted

**Rules**

Fed. R. App. P. 4 .................................................................... 2, 3

PRELIMINARY STATEMENT

Appellant Matthew Lee's opening brief falls well short of demonstrating that Judge Ramos either abused his discretion or that his findings of fact underpinning that exercise of discretion were clear error. Instead, Mr. Lee speculates that the District Judge failed to review the material at issue, or to appreciate the interests at stake, even though Mr. Lee raised objections below (JA-163[1]), and the District Court issued a written decision finding that permissible interests implicated by the sealed or redacted material (all of which, of course, the District Court could access and evaluate in making his findings) overcame the presumption of public access and justified maintaining those materials under seal.

There is no abuse of discretion in Judge Ramos's statement that "Defendant and his family's medical information, his family's identities and personal information, and other similarly protected information" is material that warrants sealing. (SA1). That statement reflects Judge

---

[1] Citations to "JA" refer to the appendix filed by Mr. Lee; citations to "SA" refer to Mr. Lee's Special Appendix; and citations to "Br." refer to Mr. Lee's brief on appeal.

1

Ramos's considered finding that those interests outweigh the presumptive right of access. Nor is there clear error in Judge Ramos's factual finding (based on his access to the sealed materials themselves) that "the redactions in Defendant's sentencing submission are appropriately limited to" those protected categories. (SA1).

Even if this Court were permitted to engage in *de novo* review, rather than the deferential review required, this Court could, like Judge Ramos, simply review the sealed and redacted material. As it did for Judge Ramos, that review would quickly demonstrate that the sealed and redacted material falls within the heartland of protected material, involving deeply personal and private health information, and various categories of information that, if revealed, would present risks to personal safety that more than justify the sealing. This Court should affirm Judge Ramos's decision below.

## COUNTERSTATEMENT OF JURISDICTION

Mr. Lee's brief notes that the order appealed from was issued on September 7, 2023, that the order was issued in a criminal (i.e., not a civil) case, and that Mr. Lee did not file his notice of appeal until October 10, 2023. If the 14-day deadline established by Fed. R. App. P. 4(b)(1)(A)

applies to Lee's non-government appeal in a criminal case, his filing was untimely, and the appeal should be dismissed.

Rule 4(b) provides for two filing deadlines for a notice of appeal filed in a criminal case—14-days for a defendant, and 30 days for the government. The Rule by its terms does not account for filings by non-parties like Mr. Lee. To the extent that the deadline for a "defendant" should apply to all filers who are not the government (and thus who are not subject to the internal review processes involving the Solicitor General that government appeals entail), Mr. Lee's notice of appeal was not filed within 14 days after the order appealed from was issued and is untimely under Rule 4(b)(1)(A). To the extent non-parties like Mr. Lee are permitted to use the extended 30-day deadline for government appeals (despite the absence of the rationale for the government's extended deadline), by operation of Federal Rule of Appellate Procedure 28, his notice of appeal would fall within the 30-day period. Our research has not revealed caselaw interpreting Rule 4(b)'s application to non-parties like Mr. Lee. Mr. Lee has neither presented the issue to this Court nor explained why the government's 30-day deadline applies to third-party appeals in a criminal case, such as his.

3

## COUNTERSTATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Did the District Court abuse its discretion in determining that sealing was warranted by the need to protect Mr. Greenwood's and his family's medical information, his families' identities and personal information, and other similarly protected information?

2. Did the District Court commit clear error in finding that the discrete redactions and sealed documents—all of which the District Court had in unsealed form and could review in making factual findings—were "appropriately limited" to the protected categories justifying sealing?

3. Should the District Judge be presumed to have failed to consider the legal principles governing sealing, to have failed to consider appropriate categories of protectable materials set forth in Mr. Greenwood's submissions in support of sealing, and to have failed to review the discrete material sealed and redacted, where no record evidence points to any such failures?

## COUNTERSTATEMENT OF THE CASE

This appeal relates solely to non-party Lee's appeal of the September 7, 2023 Order of the United States District Court for the Southern District of New York (Ramos, J.), denying Mr. Lee's motion to

unseal certain discrete redactions from the Mr. Greenwood's sentencing submission, along with approximately 72 pages of accompanying letters and documents. The bulk of these documents (approximately 24 pages) and redactions related to Mr. Greenwood's health and circumstances affecting his health, and the remainder of them was subject to similarly weighty privacy and safety concerns.

Mr. Greenwood's acceptance of responsibility, the charges for which he was sentenced, the maximum punishment applicable to those charges or the Guidelines range, and the sentence actually imposed on him are all irrelevant to this appeal.[2] Mr. Greenwood's crimes work no forfeiture of privacy and safety interests—whether his own or those of non-parties

_____

[2] Mr. Lee claims that the sealed material is subject to less protection because it accounted for Mr. Greenwood's purportedly "lenient" 20-year sentence for a first-time fraud defendant who accepted responsibility and was subjected to extraordinarily harsh pre-trial detention. For the reasons stated in the text, the premise is incorrect, but so too is the claim—Mr. Greenwood's sentence was substantively unreasonable and dwarfed the sentences imposed on other participants in the crime, as well as other comparable fraud defendants, as explained in Mr. Greenwood's sentencing appeal, and the District Court's calculation of Mr. Greenwood's Guidelines range was incorrect. *See* Brief for Defendant-Appellant Karl Sebastian Greenwood at 46-53, *United States v. Scott (Greenwood)*, Dkt. No. 23-7199 DE 46.1 (2d Cir.).

discussed in the sealed material. And, this Court has rejected the premise of Mr. Lee's argument—that the public's right of access varies depending on the extent to which the District Court relied on the sealed materials. *See Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (noting that this Court has rejected the proposition that documents might receive different weights of presumption based on the extent they were relied on by the district court).

## STANDARD OF REVIEW

"In reviewing a district court's order to seal or unseal, we examine the court's factual findings for clear error, its legal determinations *de novo*, and its ultimate decision to seal or unseal for abuse of discretion." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). "Under [the clear error] standard, factual findings by the district court will not be upset unless we are left with the definite and firm conviction that a mistake has been committed." *Henry v. Champlain Enters. Inc.*, 445 F.3d 610, 618 (2d Cir. 2006). Moreover, "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances

of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978).

## SUMMARY OF THE ARGUMENT

This Court should affirm the District Court's order denying Mr. Lee's motion to unseal certain specific portions of Mr. Greenwood's sentencing submission and exhibits thereto because Judge Ramos did not abuse his discretion in identifying that certain categories of sensitive information outweighed the presumptive right of public access, nor was there clear error in his factual finding that the sealed or redacted material fit within those identified sensitive categories and presented the concerns justifying sealing. Nor should Judge Ramos be presumed to have misunderstood the applicable law (cited to him by Mr. Lee), the pertinent justifications for sealing (described in Mr. Greenwood's opposition to the motion to unseal and self-evident from the sealed materials), or to have failed to conduct a responsible review of the materials before making his finding that the redactions were justified. There is no record evidence of any such failures, and the decision below should be affirmed.

# ARGUMENT

The sealed portions of Mr. Greenwood's sentencing memo were properly ordered in recognition that the countervailing interests of privacy and harm reduction outweighed the public interest in access to that private information. There is no record evidence that Judge Ramos failed to understand the governing legal principles or that he failed to evaluate the materials themselves, and Mr. Lee's argument that Judge Ramos's findings were inadequate should therefore be rejected.[3]

## I. APPLICABLE LAW

In reviewing a lower Court's order sealing or redacting information in litigation documents for abuse of discretion, this Court has crafted a three-part analysis. *See United States v. Amodeo (Amodeo I)*, 44 F.3d 141, 145-46 (2d Cir. 1995). First, the Court must determine whether the documents at issue are "judicial documents," meaning that the

---

[3] Mr. Lee did not challenge below or in this appeal the District Court's acceptance of Mr. Greenwood's sentencing video under seal. The sealing of that video was supported by Mr. Greenwood's letter motion (ECF 569), to which Mr. Lee did not respond. Nor did Mr. Lee challenge below or on appeal the redactions of the prosecution's sentencing submission, or the sealing of other sentencing-related materials, such as the PSR (as explained below, PSRs are routinely sealed in their entirety).

documents are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 145. Mr. Greenwood's sentencing submission is a judicial document. Second, when a document has been determined to be a judicial document, the Court must determine what weight should be accorded to the public's qualified right of access to such a judicial document. *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Finally, the Court must balance the public's qualified right of access against all the factors that militate against disclosure of the document. *Id.*

Courts have identified a number of countervailing interests that outweigh the public's presumptive right of access. For example, sealing is warranted where the disclosure of information would present a risk of physical harm or harassment, *see Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *Brown v. Maxwell*, 929 F.3d at 51. Information about crime victims is similarly protected, *see Scott v. Graham*, No. 16CV2372 (KPF)(JLC), 2016 WL 6804999, at *1-2 (S.D.N.Y. Nov. 17, 2016), as is information about persons' mental and physical health, *see United States v. Roeder*, No. 05-CR-6161, 2009 WL 385448, at *1 (W.D.N.Y. Feb. 13, 2009). Moreover, information about minors is

routinely anonymized or kept under seal. *See United States v. Johnson*, No. 16-CR-457-1 (NGG), 2018 WL 1611371, at *3 (E.D.N.Y. Apr. 3, 2018); *see also* Fed. R. Crim. P. 49.1 (requiring such sealing).[4] The privacy interests of non-parties to the proceeding often outweigh the public's right of access. *See United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("We have previously held that '[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'" (alterations in original)). Of course, these categories can overlap and combine, such as where the disclosure of otherwise private information might not only violate that person's privacy interests, but such disclosure might also subject a person to harassment or risk of harm. *See United States v. Pasqua*, No. 16-CR-591 (NSR), 2020 WL 7338082, at *2-3 (S.D.N.Y. Dec. 12, 2020).

In sum, the U.S. Supreme Court has noted:

> Every court has supervisory power over its own records and files, and access has been denied where court files might have

---

[4] We of course recognize that a rule of criminal procedure cannot overcome the requirements of the First Amendment if the two are in conflict, but here they are not in conflict, and the Rule reflects a considered judicial consensus that the privacy interests of minor children is particularly sensitive.

become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal."

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. at 598.

Indeed, in the context of sentencing, this Court has recognized an additional interest that may outweigh the public's right of access—the Court's interest in obtaining candid information relating to sentencing. *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1173 (2d Cir. 1983) ("In order to ensure the availability of as much information as possible to assist in sentencing, the courts have generally determined that presentencing reports should be held confidential"). Thus, this Court has noted that the unwarranted disclosure of private information provided in the context of sentencing might chill the willingness of defendants and non-parties' to share that necessary information with the Court. *See id.* (noting the "prevailing judicial view that the public availability of presentence reports would likely inhibit the flow of information to the sentencing judge"). Accordingly, this Court has adopted the same strict standard for evaluating a third-party's request to obtain access to a presentence investigation report ("PSR") as that applicable to an

analogous request to access Grand Jury material—a showing of "compelling need" "to meet the ends of justice." *Id.* at 1174-76. In *Charmer Industries*, this Court held:

> Accordingly, in light of the nature of the presentence report as a court document designed and treated principally as an aid to the court in sentencing, we conclude that the report may not properly be disclosed without authorization by the court. *Given the desirability of ensuring the free flow of information to the court* and the fact that the document can and frequently does serve its principal purpose notwithstanding the presence of misstatements—on which the court simply declines to rely or disputed statements, we conclude that *the court should not release a presentence report to a third person unless that person has shown a compelling need for disclosure to meet the ends of justice.*

*Id.* at 1176 (emphasis added).

## II. THE DISTRICT COURT COMMITTED NO ABUSE OF DISCRETION OR CLEAR ERROR IN DENYING MR. LEE'S REQUEST

In Mr. Greenwood's case, the District Court heard from all parties and issued a narrowly-tailored sealing order that properly balanced the public's right of access to judicial documents with the countervailing factors of privacy and safety. That order should be affirmed.

### A. The District Court Did Not Abuse Its Discretion in Identifying Sensitive Privacy Interests that Outweigh the Public's Presumptive Right of Access

There was no abuse of discretion in the District Court's determination that the sealed materials presented important interests that outweighed the public's presumptive right of access. Here, the District Court correctly found that the personal and medical privacy interests, as well as safety concerns, outweighed the public's interest in such sensitive information. Much of that sensitive information related to innocent third parties, and thus was particularly worthy of protection from public access. *See Amodeo II*, 71 F.3d at 1050-51 (stating that privacy interests must weigh heavily when balancing the public's qualified right of access to judicial documents); *Matter of New York Times Co.*, 828 F.2d at 116 (stating that "the privacy interests of innocent third parties as well as those of defendants" should weigh heavily in the court's balancing equation).

As Mr. Greenwood explained to the District Court, the redactions from his submission and the letters the District Court accepted for filing under seal for sentencing purposes:

> reference private information regarding third parties', and
> Mr. Greenwood's, mental and physical health. Moreover, this

case has received extensive media coverage in the United
States and in Mr. Greenwood's home country of Sweden,
causing fear, anxiety, and discomfort for Mr. Greenwood's
family and friends. As noted in redacted portions of the
sentencing submission, specific measures have already been
required to protect the privacy of Mr. Greenwood's family and
prevent harassment.

(JA352). Mr. Greenwood also noted that sealed Exhibits 10 and 11 (for

reasons explained therein) "include comments that may reasonably be

interpreted as criticism of law enforcement that may subject the third

parties to fear of retribution." (JA352).

Thus, the materials present various privacy and safety interests

that outweigh the presumption of public access, and there was no abuse

of discretion for Judge Ramos to find that the interests identified by Mr.

Greenwood and summarized in Judge Ramos's Order as "other similarly

protected information" outweighed the public's presumptive right of

access. On the contrary, the intrinsically private nature of the redacted

content is self-evident from a review of that material, as are the risks

presented by public revelation of that information. It was and is not

possible for either Judge Ramos, or this brief, to enumerate the private

matters discussed in the sealed material without violating the very

privacy interests at stake, or without creating the very risks of harm that

sealing is meant to avoid. This Court's review of the limited amount of sealed material will demonstrate the propriety of Judge Ramos's findings and refute any suggestion of abuse of discretion—the sealed materials are deeply private and the materials themselves present concrete evidence of the risk of harm public revelation would cause.

Although Mr. Lee correctly identifies the standard of review, he nowhere articulates any way in which Judge Ramos's weighing of these sensitive issues could be called an abuse of discretion. The District Court's Order finding that these categories of interest outweighed the presumptive right of access should be affirmed.

## B. The District Court's Finding that the Sealed Portions of the Sentencing Materials Presented the Sensitive Issues Identified Was Not Clear Error

There was no "clear error" for the District Court to find that the sealed material and redactions "are appropriately limited" to the categories enumerated—"medical information, his family's identities and personal information, and other similarly protected information." (SA1). Similarly, there was no clear error in the District Court's decision that those portions of the sentencing materials pertaining to Mr. Greenwood's own private medical history and other sensitive information were

15

appropriately sealed to protect that sensitive information. As noted above, Judge Ramos had full access to the sealed materials and could readily review them and confirm that they contained sensitive materials deserving of protection—the materials are self-evidently private, and themselves describe the risks of harm and harassment that public revelation of them would cause.

Redacted

Redacted



Redacted

Redacted

## III. THE DISTRICT COURT'S REVIEW AND FINDINGS SATISFY THIS COURT'S STANDARDS AND REVEAL NO ABUSE OF DISCRETION

There is no basis (other than Mr. Lee's speculation) for Mr. Lee's claim that the District Court failed to: understand the applicable legal

standards (cited by Mr. Lee in his motion to unseal); weigh the countervailing interests (interests explained by Mr. Greenwood in his opposition to Mr. Lee's motion); or review the materials themselves to evaluate whether they fit within those countervailing interests. After being presented with Mr. Lee's motion, Mr. Greenwood's response, and Mr. Lee's reply, and while having full access to the limited redactions and approximately 72 pages of accompanying letters and documents, the District Court issued an Order that succinctly reflected his findings that the materials filed under seal fit within the pertinent protected categories. His decision to deny Mr. Lee's motion thus reflects that the interests represented by those categories outweighed the public's presumptive right of access. There was no clear error or abuse of discretion in those findings, nor was Judge Ramos required to further explain his review or analysis—particularly where doing so risked creating the very harms to be avoided by the sealing order.

It is speculation for Mr. Lee to assert, without pointing to any record evidence, that Judge Ramos misunderstood the legal standards, failed to review the sealed material before making his factual findings, or that he considered some impermissible category of protected material

in his use of the phrase "other similarly protected information." Indeed, Judge Ramos has issued multiple written decisions evaluating the standards for sealing judicial documents under the particularized circumstances of those cases. *See e.g.*, *Doe v. Solera Cap. LLC*, No. 18 CIV. 1769 (ER), 2021 WL 568806 (S.D.N.Y. Jan. 20, 2021); *Ramirez v. Temin & Co., Inc.*, No. 20 CIV. 6258 (ER), 2020 WL 6781222 (S.D.N.Y. Nov. 18, 2020).

Mr. Lee's appellate brief argues that the District Court erred in failing to hold a hearing on his motion, Br. at 6., but before the District Court, he only requested "an opportunity to be heard" (which the Court afforded him by accepting his written motion and reply). Thus, to the extent the hearing he now requests is different from what he requested below, he has forfeited the request on appeal. Nor is his complaint that Judge Ramos issued a written decision too quickly—nine days after receiving the sealed documents, and one day after the motion to unseal was fully submitted—persuasive. There is nothing about that timeline that suggests the District Judge was unable to review the approximately 77-pages of sealed exhibits, or the discrete redactions in the sentencing

submission, in the nine days between receiving those materials and issuing his order.

The cases that Mr. Lee cites in support of his contention that the District Court's order lacked sufficient particularity are nothing like this case. In *Brown v. Maxwell*, nearly a fifth of the docket was filed under seal, and the lower court sealed *thousands* of pages of summary judgement documents *en masse* after essentially outsourcing to the parties the power to place materials under seal. 929 F.3d at 46, 50-51. By contrast, the redactions here are limited and restrained and Judge Ramos issued an order succinctly explaining his reasons. Similarly, the lower court in *Lugosch v. Pyramid Co of Onondaga*, 435 F.3d 110 (2d Cir. 2006), disclaimed any particularized review, instead holding in abeyance the newspaper intervenor's motion for access to summary judgment documents until after the court ruled on the summary judgment motion. *Id.* at 120-22. That delay amounted to reversible error because it delayed the public's right to a decision on whether those documents were entitled to free access. *Id.* Here, there was no delay—Judge Ramos issued his particularized sealing order after the parties submitted their arguments and he reviewed the material in question, and the order here did not

relate to summary judgment—common merits-based motion practice in civil cases—but a deeply personal sentencing submission.

Mr. Lee's reliance on *Gannett Media Corp. v. United States*, 2022 WL 17818626 (2d Cir. Dec. 20, 2022), is even more attenuated. There, this Court reversed a sealing order that shielded from public view documents related to alleged prosecutorial misconduct by the U.S. Department of Justice—even though the fact of prosecutorial misconduct and the identities of the responsible prosecutors was already public— citing the need to protect the DOJ's ongoing functioning and unspecified "privacy concerns." *Id.* at *3-4. That sealing order is nothing like the sealing order here, which protects inherently private information of individuals (including innocent non-party family members) and is calculated to prevent future harm.

Mr. Lee's claim that the District Court should have explained its reasoning about each and every redaction in detail would mean that the review process itself would necessarily reveal sensitive information and would itself violate the countervailing interests at stake. Such a procedural requirement is therefore fundamentally at odds with this Court's binding authority of *Lugosch*, which recognizes and endorses the

Court's interest in protecting the important privacy and safety interests, rather than endorsing an unbending rule of public access to all materials, regardless of sensitivity. *Lugosch*, 435 F.3d at 119-20 (recognizing that the public's presumptive right of access both under the common law and First Amendment must yield to "competing considerations" and "higher values"). Mr. Lee's claim that Mr. Greenwood is trying to "have it both ways" is similarly incorrect. Mr. Greenwood did not seek—and the District Court did not approve—any redactions that harmed Mr. Greenwood's position while leaving favorable information unredacted. The prosecution—Mr. Greenwood's adversary in the proceedings—had full access to the sealed materials and made no such claim of selective redactions, and there is no other evidence of such selective redactions. On the contrary, as the Court's review of the materials will confirm, the redactions were narrowly tailored to protect the interests at stake, and to minimize any harm to the public's right of access. For instance, the redactions in the sentencing memorandum itself of individuals' names nevertheless leave intact the individual's relationship to the case or to Mr. Greenwood. The remaining redactions pertain to information discussed above in Point II that present specific protectable interests.

As for the attachments, the sealed exhibits (Exhibits 1-33 and 46) comprise 72 pages (not counting 34 pages of slip sheets numbering the exhibits). Twenty-four of those pages are Mr. Greenwood's medical materials (a ten-page report and fifteen pages of records). The remaining 48 pages are letters, the important parts of which are excerpted in the sentencing submission (mostly in unredacted, but where warranted, in redacted form). The District Court's evaluation of these materials was correct and should be affirmed.

## CONCLUSION

For the reasons stated above, the District Court's order should be affirmed.

Dated:      August 12, 2024
              New York, New York

                              Respectfully submitted,

                              _____

                              Justin S. Weddle
                              Julia I. Catania
                              WEDDLE LAW PLLC
                              37 West 20th Street, Suite 1206
                              New York, NY 10011
                              212-997-5518
                              jweddle@weddlelaw.com


                              *Attorneys for Defendant-Appellee*
                              *Karl Sebastian Greenwood*

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 4197 words (if it were filed in unredacted form, it would contain an additional 495 words, for a total of 4692 words).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared using Microsoft Word in 14-point Century Schoolbook font, a proportionally-spaced typeface.

Dated:      New York, New York
            August 12, 2024

                              By:   /s/ Justin S. Weddle_____

                                    Justin S. Weddle

                                    Weddle Law PLLC
                                    37 West 20th Street, Suite 1206
                                    New York, NY 10011
                                    212-997-5518
                                    jweddle@weddlelaw.com