23-7432-cr
*Lee v. Greenwood*

# United States Court of Appeals
# For the Second Circuit

August Term 2024
Argued: March 17, 2025
Decided: July 28, 2025

No. 23-7432-cr

UNITED STATES OF AMERICA

*Appellee*,

v.

KARL SEBASTIAN GREENWOOD

*Defendant-Appellee*,

MARK S. SCOTT, RUJA IGNATOVA, AKA CRYPTOQUEEN, KONSTANTIN IGNATOV, DAVID R. PIKE, FRANK SCHNEIDER, IRINIA DILKINSKA

*Defendants*,

v.

MATTHEW RUSSELL LEE

1

*Appellant*.

Appeal from the United States District Court
for the Southern District of New York
No. 1:17-cr-630-5, Edgardo Ramos, *Judge*.

Before:     Parker, Park, and Nathan, *Circuit Judge*s.

Appellant Matthew Lee appeals from an order of the United States District Court for the Southern District of New York (Ramos, *J.*) denying his motion to unseal and unredact Defendant-Appellee Karl Greenwood's sentencing submission. On appeal, Lee argues that he enjoys a right of access to Greenwood's sentencing memorandum and sentencing exhibits. We conclude that a First Amendment right of access attaches to Greenwood's sentencing memorandum and sentencing exhibits and therefore requires the district court to make individualized findings to justify sealing those materials. Although the district court's findings adequately justified the narrowly tailored redactions in Greenwood's sentencing memorandum, the district court did not adequately justify its decision to seal Greenwood's sentencing exhibits. Accordingly, we VACATE in part the order of the district court and REMAND for further proceedings consistent with this opinion.

———

> Brian D. Ginsberg, Brendan P. Hall, Harris Beach PLLC, White Plains, NY, *for Appellant*.
>
> JULIA CATANIA, Justin S. Weddle, Weddle Law PLLC, New York, NY, *for Defendant-Appellee*.

---

NATHAN, *Circuit Judge*:

Defendant-Appellee Karl Greenwood pled guilty to various charges related to a cryptocurrency scam. In advance of sentencing, Greenwood submitted a partially redacted sentencing memorandum and accompanying exhibits, most of which the district court sealed entirely. Appellant Matthew Lee of Inner City Press submitted a letter-motion requesting the district court unseal and unredact Greenwood's sentencing submission. The district court denied Lee's motion, and Lee appeals from that denial. Lee contends that the district court abused its discretion in denying his motion for two reasons: one, because he has a right to access the sentencing submission; and two, because the district court did not sufficiently explain the wholesale sealing of Greenwood's sentencing exhibits. We agree with Lee that the First Amendment right of access attaches to Greenwood's sentencing submissions and requires the district court to make individualized findings to justify sealing. We conclude

3

that the district court's findings adequately justified the narrowly tailored redactions to Greenwood's sentencing memorandum but did not adequately explain its decision to seal Greenwood's sentencing exhibits. For the reasons that follow, the order of the District Court is VACATED in part, and the case is REMANDED for further proceedings consistent with this opinion.

## BACKGROUND

From 2014 to 2018, Karl Greenwood ran a cryptocurrency scam through a company he co-founded, through which he defrauded millions of investors out of more than $4.5 billion. In 2018, he was indicted in the Southern District of New York on various conspiracy and fraud charges. Greenwood eventually pled guilty to conspiracy to commit wire fraud, wire fraud, and conspiracy to commit money laundering.

In advance of sentencing, Greenwood filed a sentencing submission that included a partially redacted sentencing memorandum and forty-five accompanying exhibits, thirty-four of which were filed entirely under seal. The partially redacted sentencing memorandum sought a sentence of time served and discussed the harsh conditions under which Greenwood was detained in Thailand and in the Metropolitan Correction Center, including at the height of the COVID-19 pandemic. The unredacted exhibits consisted of certificates that Greenwood earned while incarcerated. The remaining exhibits, though filed under seal, included several character reference letters from family and friends,

which were excerpted in unredacted form in Greenwood's sentencing memorandum. *See* App'x 94–99.

The day after Greenwood filed his sentencing submission, Appellant Matthew Russell Lee filed a letter motion. Lee is with Inner City Press, which covers, among other things, criminal cases in the Southern District of New York. Lee's letter-motion indicated that Inner City Press was reporting on Greenwood's criminal case and opposed the redactions and sealings in the sentencing submission. He asked the district court to deny the redactions and sealings or to provide Inner City Press an opportunity to be heard on the scope of the redactions. Greenwood opposed Lee's motion, arguing that he had appropriately redacted information regarding his mental and physical health, the health of his family and friends, and descriptions that could be viewed as raising complaints about law enforcement. Greenwood further offered that the sealed exhibits consisted of medical records, health reports, and letters of support from family and friends, and that sealing was warranted to protect the privacy of Greenwood and his supporters. The government took no position.

The district court denied Lee's motion to unseal Greenwood's sentencing submission. The order explained the denial as follows:

> The Court finds that unsealing is not warranted in that the redactions in Defendant's sentencing submission are appropriately limited to Defendant and his family's medical information, his family's identities and personal information, and other similarly protected information. Accordingly, the motion to unseal Defendant's sentencing submission, Doc. 567, is DENIED.

5

Special App'x 1.

The district court subsequently sentenced Greenwood. Lee then appealed from the order denying his motion to unseal and unredact.

## DISCUSSION

On appeal, Lee argues that the district court abused its discretion in denying the motion to unseal the exhibits and to unredact Greenwood's sentencing memorandum because he had a right of access to the sentencing submission. We hold that the First Amendment right of access applies to sentencing memoranda and accompanying exhibits, which therefore can be sealed only if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (quotation marks omitted). Although the district court's findings adequately justified the narrowly tailored redactions in Greenwood's sentencing memorandum, we conclude that the district court did not adequately explain the decision to seal the thirty-four exhibits in their entirety. Accordingly, we vacate and remand the district court's denial of Lee's motion as to the sealed exhibits.

### I.     Jurisdiction

This Court typically has jurisdiction over appeals from denials of motions to unredact or unseal. *See In re N.Y. Times Co.*, 828 F.2d at 113. However, Greenwood contends that Lee's appeal should be dismissed because Lee's notice of appeal was filed over 14 days after

the order from which he appeals, in purported violation of Federal Rules of Appellate Procedure Rule 4(b).

Rule 4(b) provides in relevant part that, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the order being appealed," and that the government has thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(I), (B). As both parties recognize, Rule 4(b) does not contemplate appeals from criminal cases filed by third parties.

We conclude that Lee's appeal is not governed by the 14-day deadline set out for criminal defendants in Rule 4(b). A proceeding that is "ancillary" to a criminal case and that "carries many of the hallmarks of a civil proceeding" is civil in nature and therefore need not comply with Rule 4(b). *United States v. Bradley*, 882 F.3d 390, 393 (2d Cir. 2018) (quotation marks omitted). *Bradley* concerned an appeal from a proceeding in which third parties claim an interest in criminally forfeited property. There, we looked to the applicable burden of proof, the underlying legal issue, and the lack of a punitive aim, concluding that the appeal was properly treated as a civil appeal. *Id*. at 392-93. These factors also counsel in favor of treating as civil a third-party claim seeking to unredact or unseal documents in a criminal proceeding. A motion to unseal or unredact is ancillary to the underlying criminal case; the underlying legal issue is civil in nature; and the motion has no punitive aim. Indeed, this Court has recognized that a motion for disclosure of sealed papers "could have been treated by the district court as a new civil case, as opposed to an intervention in the pending criminal case." *In re N.Y. Times Co.*, 828 F.2d at 113; *see also United States v. Aldawsari*, 683 F.3d 660, 664 (5th

7

Cir. 2012) (holding that a journalist's challenge to a gag order barring parties in a criminal case from communicating with news media about the case is not governed by Rule 4(b), as "nothing in the text of Rule 4(b) suggests that the time limit for appeals by criminal defendants is meant to apply to third-party appeals from collateral orders").

Accordingly, we hold that this appeal from Greenwood's criminal case by a third-party claimant seeking to unredact or unseal documents from the criminal proceeding is civil in nature. Federal Rule of Appellate Procedure 4(a), providing the deadline for notices of appeal in civil cases, therefore applies to Lee's appeal. Under Rule 4(a)'s thirty-day deadline, Lee's notice of appeal was timely.

## II.    Legal Standard

"When reviewing a district court's decision to seal a filing or maintain such a seal, we examine the court's factual findings for clear error, its legal determinations de novo, and its ultimate decision to seal or unseal for abuse of discretion." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quotation marks omitted). However, "since the First Amendment is implicated, we give the documents and proceedings close appellate scrutiny." *United States v. Erie County*, 763 F.3d 235, 238 (2d Cir. 2014) (quotation marks omitted).

"Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). These presumptions derive from the principle that "it is essential that the people themselves have the ability to learn

of, monitor, and respond to the actions of their representatives and their representative institutions." *Erie County*, 763 F.3d at 239.

The common law right of public access turns on whether the document at issue is a judicial document, to which the common law presumption applies. *Id.* "In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation marks omitted). Once a record is deemed a judicial document, the court must determine the weight of the common law presumption of access based on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quotation marks omitted). The court must then balance the weight of the presumption of access against considerations counseling against disclosure, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (quotation marks omitted).

A qualified First Amendment right of access, "understood to be stronger than its common law ancestor and counterpart," also attaches to certain judicial documents. *Erie County*, 763 F.3d. at 239. To determine whether the First Amendment right of access attaches to a judicial document, this Court "considers the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." *Lugosch*, 435 F.3d at 120 (cleaned up).[1] If the First Amendment right attaches, a court

---

[1] A separate test, the "experience-and-logic" test, considers "whether the documents have

9

record may still be sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re N.Y. Times Co.*, 828 F.2d at 116 (quotation marks omitted).

### III.   Analysis

Greenwood's sentencing submissions are judicial documents, as Greenwood conceded in his briefing. Like other judicial documents, sentencing submissions are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quotation marks omitted). "[W]e have emphasized that a document filed with the court is a judicial document if it would reasonably have the *tendency* to influence a district court's ruling . . . without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022) (quotation marks omitted). Sentencing submissions are highly relevant to and influential in sentencing proceedings, and in this way are not unlike summary judgment motions or evidence submitted in connection with such motions. *See Brown*, 929 F.3d at 49. Unsurprisingly, district courts in our Circuit have consistently found sentencing submissions to qualify as judicial documents. *See, e.g.*, *United States v. Munir*, 953 F. Supp. 2d 470, 477 (E.D.N.Y. 2013); *United States v. Tangorra*, 542 F.

---

historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." *Newsday LLC*, 730 F.3d at 164 (quotation marks omitted). Because courts can apply either test to court records, and because neither party argues for application of the experience-and-logic test, we do not apply it here.

10

Supp. 2d 233, 237 (E.D.N.Y. 2008); *United States v. Sattar*, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006).

The First Amendment right of access applies to judicial documents that are "a necessary corollary of the capacity to attend the relevant proceedings." *Lugosch*, 435 F.3d at 120. Sentencing memoranda and exhibits fit this bill. A "qualified First Amendment right of access extends" to "documents submitted in connection with judicial proceedings that themselves implicate the right of access." *In re N.Y. Times Co.*, 828 F.2d at 114. And "[t]here is little doubt that the First Amendment right of access extends to sentencing proceedings." *United States v. Alcantara*, 396 F.3d 189, 196 (2d Cir. 2005). Sentencing proceedings and their outcome are "of paramount importance" not only to the criminal defendant, but also to members of the public, including the defendant's friends and family, victims of crimes, and members of the community where the crime occurred. *Alcantara*, 396 F.3d at 198. "[I]t would be difficult to single out any aspect of government of higher concern and importance to the people than the manner in which criminal trials are conducted." *In re Nat'l Broad. Co.*, 635 F.2d 945, 951 (2d Cir. 1980) (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980)); *see also United States v. Suarez*, 880 F.2d 626, 630 (2d Cir. 1989) (holding that the presumption of public access "applies to documents filed in connection with criminal proceedings").

Because the First Amendment right of access attaches to Greenwood's sentencing submission, sealing of the memorandum and exhibits must be justified by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing

11

order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. "Broad and general findings by the trial court . . . are not sufficient to justify [sealing]." *In re N.Y. Times Co.*, 828 F.2d at 116. Higher values that may justify redactions include "the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure," *id.*, as well as "[f]inancial records . . . , family affairs, illnesses, [and] embarrassing conduct with no public ramifications," *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("*Amodeo II*").

Here, the district court's order explained "that the redactions in Defendant's sentencing submission are appropriately limited to Defendant and his family's medical information, his family's identities and personal information, and other similarly protected information." Special App'x 1. This explanation identifies three categories of information in the sentencing submission that warranted redactions or sealing: medical information, third-party information, "and other similarly protected information." *Id.*

We conclude that this explanation fails to justify the full scope of withholdings at issue. The district court's conclusion that the withholdings are limited to medical and personal information "and other similarly protected information," *id.*, adequately explains the redacted portions of the sentencing memorandum, which are narrowly tailored to protect Greenwood's privacy interests, the privacy interests of his family and friends, and their safety. *See In re N.Y. Times Co.*, 828 F.2d at 116. The subject matter of the redacted portions "is traditionally considered private rather than public," and the sensitivity of the information warrants withholding. *Amodeo II*, 71

12

F.3d at 1051. Other redactions in the sentencing memorandum serve the higher interest of protecting law enforcement interests. *Id.* at 1050.

However, the district court's explanation fails to adequately justify the full sealing of the exhibits to the sentencing submission. Unlike the narrow redactions in the sentencing memorandum, thirty-four exhibits were sealed in their entirety. And the three categories of protected information identified by the district court do not explain the full sealing of these exhibits. Some of the exhibits do not contain any information related to the identities or information of Greenwood's family, Greenwood's medical information, or other traditionally sensitive information. Moreover, the sentencing memorandum quotes, in unredacted form, passages from sealed exhibits. *See* App'x 94–99. Such circumstances suggest that wholesale sealing was not justified, and that targeted redactions may strike a better balance in serving the First Amendment right while protecting the privacy interests of those affected. *See In re N.Y. Times Co.*, 828 F.2d at 116 ("To protect whatever privacy interests may be prejudiced by disclosure of the motion papers, redaction of names and perhaps portions of the [private] materials contained in the motion papers, or other appropriate measures, as opposed to the wholesale sealing of the papers, might be appropriate in this case."). We remand for the district court to conduct an individualized review of the sealed exhibits, as the district court can directly communicate with parties about particular objections and elicit the parties' assistance in identifying any necessary partial redactions, and therefore is "best situated to conduct this review." *Id.* at 51.

Although we vacate in part, we stress that district courts need not provide granular justifications for each redaction or even each sealing, as such a requirement would place an unworkable burden on district courts.  District courts are presumed to proceed in accordance with the law and to conduct individualized review of sealed and redacted materials as necessary and appropriate under the circumstances of each case.  District courts need not provide line-by-line justifications for each redaction to demonstrate that they have conducted such an individualized review.  A brief explanation may be enough to justify the sealing or redaction of multiple filings, as long as it demonstrates that the district court made an individualized inquiry.  Indeed, in the face of a contested motion to unseal in this case, the district court's one-sentence explanation was enough to justify the redactions in Greenwood's sentencing memorandum.  However, an explanation for sealing dozens of exhibits in their entirety must reasonably apply to the content of all of the sealed materials.  Where it does not, we cannot confidently conclude that the district court made an individualized inquiry.

Accordingly, we **AFFIRM** in part the district court's denial of Lee's motion to unredact, as to Greenwood's sentencing memorandum.  We **VACATE** in part as to the district court's denial of Lee's motion to unseal the exhibits to the sentencing memorandum and **REMAND** for further proceedings consistent with this opinion.

14